1

2

3

4

5

6

7

8 UNITED STATES DISTRICT COURT

9 CENTRAL DISTRICT OF CALIFORNIA

10 WESTERN DIVISION

| | |
|---|---|
| 11 PEGASUS IMPORTS, LLC, a<br>California limited liability company,<br>12<br>Plaintiff,<br>13<br>v.<br>14<br>PT. WAHYU PRADANA<br>15 BINAMULIA, an Indonesian<br>company, and DOES 1 TO 50,<br>16 inclusive,<br>17 Defendants.<br>18 ────────────────<br>19 PT. WAHYU PRADANA<br>BINAMULIA, an Indonesian<br>20 company, and DOES 1 TO 50,<br>inclusive,<br>21<br>Counterclaimant,<br>22<br>v.<br>23<br>PEGASUS IMPORTS, LLC, a<br>24 California limited liability company,<br>25 Counterdefendant. | CASE NO. 2:14-cv-06843-ODW (AJWx)<br><br>**DISCOVERY MATTER**<br><br>Honorable Andrew J. Wistrich<br><br>**STIPULATED PROTECTIVE ORDER** |

26

27

28

---

**[PROPOSED] STIPULATED PROTECTIVE ORDER**

**1.**   **A. <u>PURPOSES AND LIMITATIONS</u>**

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

**B. <u>GOOD CAUSE STATEMENT</u>**

This action is likely to involve trade secrets, customer and pricing lists and other valuable research, development, commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to

2

keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter.  It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

**2.** **DEFINITIONS**

2.1     Action:  the pending federal lawsuit entitled *Pegasus Imports, LLC v. PT. Wahyu Pradana Binamulia and DOES 1 through 50*, Case No. 2:14-cv-06843-ODW (AJWx), the First Amended Counterclaims by PT. Wahyu Pradana Binamulia against Pegasus Imports, LLC, and all other consolidated or related actions.

2.2     Challenging Party:  a Party or Non-Party that challenges the designation of information or items under this Order.

2.3     "CONFIDENTIAL" Information or Items:  information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

2.4     Counsel:  Outside Counsel of Record and House Counsel (as well as their support staff).

2.5     Designating Party:  a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.6     Disclosure or Discovery Material:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including,

1   among other things, testimony, transcripts, and tangible things), that are produced

2   or generated in disclosures or responses to discovery in this matter.

3        2.7   Expert:  a person with specialized knowledge or experience in a

4   matter pertinent to the litigation who has been retained by a Party or its counsel to

5   serve as an expert witness or as a consultant in this Action.

6        2.8   House Counsel:  attorneys who are employees of a party to this

7   Action. House Counsel does not include Outside Counsel of Record or any other

8   outside counsel.

9        2.9   Non-Party:  any natural person, partnership, corporation, association,

10   or other legal entity not named as a Party to this action.

11       2.10  Outside Counsel of Record:  attorneys who are not employees of a

12   party to this Action but are retained to represent or advise a party to this Action

13   and have appeared in this Action on behalf of that party or are affiliated with a law

14   firm which has appeared on behalf of that party, and includes support staff.

15       2.11  Party:  any party to this Action, including all of its officers, directors,

16   employees, consultants, retained experts, and Outside Counsel of Record (and their

17   support staffs).

18       2.12  Producing Party:  a Party or Non-Party that produces Disclosure or

19   Discovery Material in this Action.

20       2.13  Professional Vendors:  persons or entities that provide litigation

21   support services (e.g., photocopying, videotaping, translating, preparing exhibits or

22   demonstrations, and organizing, storing, or retrieving data in any form or medium)

23   and their employees and subcontractors.

24       2.14  Protected Material:  any Disclosure or Discovery Material that is

25   designated as "CONFIDENTIAL."

26       2.15  Receiving Party:  a Party that receives Disclosure or Discovery

27   Material from a Producing Party.

28

**[PROPOSED] STIPULATED PROTECTIVE ORDER**

**3.**      **SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the trial judge.  This Order does not govern the use of Protected Material at trial.

**4.**      **DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**5.**      **DESIGNATING PROTECTED MATERIAL**

5.1      Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an

1   improper purpose (e.g., to unnecessarily encumber the case development process
2   or to impose unnecessary expenses and burdens on other parties) may expose the
3   Designating Party to sanctions.

4       If it comes to a Designating Party's attention that information or items that it
5   designated for protection do not qualify for protection, that Designating Party must
6   promptly notify all other Parties that it is withdrawing the inapplicable designation.

7       5.2   <u>Manner and Timing of Designations</u>.  Except as otherwise provided in
8   this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise
9   stipulated or ordered, Disclosure or Discovery Material that qualifies for protection
10  under this Order must be clearly so designated before the material is disclosed or
11  produced.

12      Designation in conformity with this Order requires:

13      (a) for information in documentary form (e.g., paper or electronic
14  documents, but excluding transcripts of depositions or other pretrial or trial
15  proceedings), that the Producing Party affix at a minimum, the legend
16  "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend"), to each page that
17  contains protected material.  If only a portion or portions of the material on a page
18  qualifies for protection, the Producing Party also must clearly identify the
19  protected portion(s) (e.g., by making appropriate markings in the margins).

20      A Party or Non-Party that makes original documents available for inspection
21  need not designate them for protection until after the inspecting Party has indicated
22  which documents it would like copied and produced.  During the inspection and
23  before the designation, all of the material made available for inspection shall be
24  deemed "CONFIDENTIAL."  After the inspecting Party has identified the
25  documents it wants copied and produced, the Producing Party must determine
26  which documents, or portions thereof, qualify for protection under this Order.
27  Then, before producing the specified documents, the Producing Party must affix
28  the "CONFIDENTIAL legend" to each page that contains Protected Material. If

6

only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b) for testimony given in depositions that the Designating Party identify the Disclosure or Discovery Material on the record, before the close of the deposition all protected testimony.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL." If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3   <u>Inadvertent Failures to Designate</u>.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.   **<u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>**

6.1   <u>Timing of Challenges</u>.  Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

6.2   <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process under Local Rule 37.1 et seq.  Any discovery motion must strictly comply with the procedures set forth in Local Rules 37-1, 37-2, and 37-3.

6.3   <u>Burden</u>.  The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on

7

1  other parties) may expose the Challenging Party to sanctions. Unless the

2  Designating Party has waived or withdrawn the confidentiality designation, all

3  parties shall continue to afford the material in question the level of protection to

4  which it is entitled under the Producing Party's designation until the Court rules on

5  the challenge.

6  **7.** **ACCESS TO AND USE OF PROTECTED MATERIAL**

7  7.1  <u>Basic Principles</u>. A Receiving Party may use Protected Material that

8  is disclosed or produced by another Party or by a Non-Party in connection with this

9  Action only for prosecuting, defending, or attempting to settle this Action. Such

10  Protected Material may be disclosed only to the categories of persons and under

11  the conditions described in this Order. When the Action has been terminated, a

12  Receiving Party must comply with the provisions in section 13 below (FINAL

13  DISPOSITION).

14  Protected Material must be stored and maintained by a Receiving Party at a

15  location and in a secure manner that ensures that access is limited to the persons

16  authorized under this Order.

17  7.2  <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless

18  otherwise ordered by the court or permitted in writing by the Designating Party, a

19  Receiving Party may disclose any information or item designated

20  "CONFIDENTIAL" only to:

21  (a) the Receiving Party's Outside Counsel of Record in this Action, as

22  well as employees of said Outside Counsel of Record to whom it is reasonably

23  necessary to disclose the information for this Action;

24  (b) the officers, directors, and employees (including House Counsel)

25  of the Receiving Party to whom disclosure is reasonably necessary for this Action;

26  (c) Experts (as defined in this Order) of the Receiving Party to whom

27  disclosure is reasonably necessary for this Action and who have signed the

28  "Acknowledgment and Agreement to Be Bound" (Exhibit A);

1    (d) the court and its personnel;

2    (e) court reporters and their staff;

3    (f) professional jury or trial consultants, mock jurors, and Professional

4    Vendors to whom disclosure is reasonably necessary for this Action and who have

5    signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

6    (g) the author or recipient of a document containing the information or

7    a custodian or other person who otherwise possessed or knew the information;

8    (h) during their depositions, witnesses, and attorneys for witnesses, in

9    the Action to whom disclosure is reasonably necessary provided: (1) the deposing

10   party requests that the witness sign the form attached as Exhibit A hereto; and (2)

11   they will not be permitted to keep any confidential information unless they sign the

12   "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise

13   agreed by the Designating Party or ordered by the court.  Pages of transcribed

14   deposition testimony or exhibits to depositions that reveal Protected Material may

15   be separately bound by the court reporter and may not be disclosed to anyone

16   except as permitted under this Stipulated Protective Order; and

17   (i) any mediator or settlement officer, and their supporting personnel,

18   mutually agreed upon by any of the parties engaged in settlement discussions.

19   **8.      PROTECTED MATERIAL SUBPOENAED OR ORDERED**

20   **PRODUCED IN OTHER LITIGATION**

21   If a Party is served with a subpoena or a court order issued in other litigation

22   that compels disclosure of any information or items designated in this Action as

23   "CONFIDENTIAL," that Party must:

24   (a) promptly notify in writing the Designating Party.  Such notification shall

25   include a copy of the subpoena or court order;

26   (b) promptly notify in writing the party who caused the subpoena or order to

27   issue in the other litigation that some or all of the material covered by the subpoena

28

9

1   or order is subject to this Protective Order.  Such notification shall include a copy

2   of this Stipulated Protective Order; and

3       (c) cooperate with respect to all reasonable procedures sought to be pursued

4   by the Designating Party whose Protected Material may be affected.

5       If the Designating Party timely seeks a protective order, the Party served

6   with the subpoena or court order shall not produce any information designated in

7   this action as "CONFIDENTIAL" before a determination by the court from which

8   the subpoena or order issued, unless the Party has obtained the Designating Party's

9   permission.  The Designating Party shall bear the burden and expense of seeking

10  protection in that court of its confidential material and nothing in these provisions

11  should be construed as authorizing or encouraging a Receiving Party in this Action

12  to disobey a lawful directive from another court.

13  **9.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE**

14  **PRODUCED IN THIS LITIGATION**

15      (a) The terms of this Order are applicable to information produced by a Non-

16  Party in this Action and designated as "CONFIDENTIAL."  Such information

17  produced by Non-Parties in connection with this litigation is protected by the

18  remedies and relief provided by this Order.  Nothing in these provisions should be

19  construed as prohibiting a Non-Party from seeking additional protections.

20      (b) In the event that a Party is required, by a valid discovery request, to

21  produce a Non-Party's confidential information in its possession, and the Party is

22  subject to an agreement with the Non-Party not to produce the Non-Party's

23  confidential information, then the Party shall:

24          (1)  promptly notify in writing the Requesting Party and the Non-

25  Party that some or all of the information requested is subject to a confidentiality

26  agreement with a Non-Party;

27

28

1    (2)  promptly provide the Non-Party with a copy of the Stipulated
2  Protective Order in this Action, the relevant discovery request(s), and a reasonably
3  specific description of the information requested; and
4    (3)  make the information requested available for inspection by the
5  Non-Party, if requested.
6    (c) If the Non-Party fails to seek a protective order from this court within
7  14 days of receiving the notice and accompanying information, the Receiving
8  Party may produce the Non-Party's confidential information responsive to the
9  discovery request.  If the Non-Party timely seeks a protective order, the Receiving
10  Party shall not produce any information in its possession or control that is subject
11  to the confidentiality agreement with the Non-Party before a determination by the
12  court.  Absent a court order to the contrary, the Non-Party shall bear the burden
13  and expense of seeking protection in this court of its Protected Material.

**10.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

15    If a Receiving Party learns that, by inadvertence or otherwise, it has
16  disclosed Protected Material to any person or in any circumstance not authorized
17  under this Stipulated Protective Order, the Receiving Party must immediately (a)
18  notify in writing the Designating Party of the unauthorized disclosures, (b) use its
19  best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform
20  the person or persons to whom unauthorized disclosures were made of all the terms
21  of this Order, and (d) request such person or persons to execute the
22  "Acknowledgment and Agreement to Be Bound" that is attached hereto as
23  Exhibit A.

**11.    INADVERTENT PRODUCTION OF PRIVILEGED OR**
**OTHERWISE PROTECTED MATERIAL**

26    When a Producing Party gives notice to Receiving Parties that certain
27  inadvertently produced material is subject to a claim of privilege or other
28  protection, the obligations of the Receiving Parties are those set forth in Federal

11

Rule of Civil Procedure 26(b)(5)(B).  This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review.

In addition, the parties agree on the following procedure:  If a party, through inadvertence, produces any document or information that it believes is immune from discovery pursuant to the attorney-client privilege and/or work product doctrine/privilege, such production will not be deemed a waiver of those privileges, and the Producing Party may give written notice to the Receiving Party that the document or information produced is deemed privileged.  The Receiving Party must immediately return the document and all copies.  The Producing Party will then add those documents to its privilege log.  The return of the document(s) and/or information to the Producing Party will not preclude the Receiving Party from later moving the Court to compel production of the returned documents and/or information.

**12.     MISCELLANEOUS**

12.1   Right to Further Relief.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2   Right to Assert Other Objections.  By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3   Filing Protected Material.  A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.  Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.  If a Party's request to file Protected Material

1  under seal is denied by the court, then the Receiving Party may file the information

2  in the public record unless otherwise instructed by the court.

3  **13.**    **FINAL DISPOSITION**

4          After the final disposition of this Action, as defined in paragraph 4, within

5  60 days of a written request by the Designating Party, each Receiving Party must

6  return all Protected Material to the Producing Party or destroy such material.  As

7  used in this subdivision, "all Protected Material" includes all copies, abstracts,

8  compilations, summaries, and any other format reproducing or capturing any of the

9  Protected Material.  Whether the Protected Material is returned or destroyed, the

10  Receiving Party must submit a written certification to the Producing Party (and, if

11  not the same person or entity, to the Designating Party) by the 60 day deadline that

12  (1) identifies (by category, where appropriate) all the Protected Material that was

13  returned or destroyed and (2) affirms that the Receiving Party has not retained any

14  copies, abstracts, compilations, summaries or any other format reproducing or

15  capturing any of the Protected Material.  Notwithstanding this provision, Counsel

16  are entitled to retain an archival copy of all pleadings, motion papers, trial,

17  deposition, and hearing transcripts, legal memoranda, correspondence, deposition

18  and trial exhibits, expert reports, attorney work product, and consultant and expert

19  work product, even if such materials contain Protected Material.  Any such

20  archival copies that contain or constitute Protected Material remain subject to this

21  Protective Order as set forth in Section 4 (DURATION).

22

23

24

25

26

27

28

14.     Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED:  December 3, 2014          NEUFELD MARKS
                                    A Professional Corporation
                                  Timothy L. Neufeld
                                  Nikki Ma


                                  By: /s/ Nikki Ma
                                  _____
                                      Nikki Ma
                                      Attorneys for Plaintiff and Counter-
                                      Defendant Pegasus Imports, LLC


DATED:  December 3, 2014          MITCHELL SILBERBERG & KNUPP LLP
                                  Susan Kohn Ross
                                  Patricia H. Benson
                                  Christopher A. Elliott


                                  By: /s/ Patricia H. Benson [w/permission]
                                  _____
                                      Patricia H. Benson
                                      Attorneys for Defendant and
                                      Counterclaimant PT. Wahyu Pradana
                                      Binamulia

[PROPOSED] STIPULATED PROTECTIVE ORDER

1

ORDER

2          Good Cause appearing, the Court approves and enters the Stipulated

3 Protective Order.  IT IS SO ORDERED.

4

5 DATED: _____12/4/14_____

6

7

8 _____

9 Hon. Andrew J. Wistrich
United States Magistrate Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**[PROPOSED] STIPULATED PROTECTIVE ORDER**

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on _____ [date] in the case of *Pegasus Imports, LLC v. PT. Wahyu Pradana Binamulia, et al.*, Case No. 2:14-cv-06843-ODW (AJWx).  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

[PROPOSED] STIPULATED PROTECTIVE ORDER